# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:16-CV-1457 (VEB)

CYNTHIA LEE TOWEY,

               Plaintiff,

DECISION AND ORDER

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

## I. INTRODUCTION

In July of 2013, Plaintiff Cynthia Lee Towey applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13, 15, 24, 25). On May 1, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on July 27, 2013, alleging disability beginning March 31, 2009. (T at 195-200, 201-204).[2]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On November 25, 2014, a hearing was held before ALJ Joan Ho. (T at 38). Plaintiff appeared with her attorney and testified. (T at 42-63).  The ALJ also received testimony from Katie Macy-Powers, a vocational expert. (T at 64-68).

On January 14, 2015, the ALJ issued a written decision denying the applications for benefits.  (T at 13-30).  The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 20.

Commissioner's final decision on May 6, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On July 5, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on November 23, 2016. (Docket No. 20). The parties filed a Joint Stipulation on February 15, 2017. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 31, 2009, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"). (T at 18).  The ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, seizures, and depressive disorder were "severe" impairments under the Act. (T at 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 19).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§404.1567 (b) and 416.967 (b), with the following limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently; she can stand/walk for 6 hours out of an 8-hour workday with regular breaks; she can sit for 6 hours in an 8-hour workday with regular breaks; she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; she requires normal seizure precautions (*e.g.* no climbing ladders/ropes/scaffolds, no working at unprotected heights, no working around dangerous machinery or driving); and she is limited to simple, routine, and repetitive tasks, but can sustain attention and concentration to perform work-like tasks with reasonable pace and persistence. (T at 20).

The ALJ found that Plaintiff could not perform her past relevant work as an accounting clerk, administrative clerk, and receptionist. (T at 24). Considering Plaintiff's age (47 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 24-25).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between March 31, 2009 (the alleged onset date)

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

and January 14, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 26). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.  Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 21, at p. 5), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she challenges the ALJ's reliance on the vocational expert's testimony.  Second, Plaintiff argues that the ALJ did not properly evaluate the medical evidence of record.  Third, she challenges the ALJ's credibility determination.  This Court will address each argument in turn.

## IV. ANALYSIS

**A.  Vocational Expert Testimony**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in

substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

### 1. Mail Clerk & Cashier II Positions

In this case, the ALJ determined, in pertinent part, that Plaintiff retained the RFC to perform work that did not require more than simple, routine, and repetitive tasks. (T at 20). The vocational expert testified that a hypothetical claimant with that limitation could perform three positions that exist in significant numbers in the national economy – mail clerk, assembler, and cashier II. (T at 25). The ALJ relied on this testimony to support her step five finding. (T at 25).

Plaintiff challenges the ALJ's reliance on the vocational expert opinion, arguing that the ALJ was obliged to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").[3]

---

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

According to the DOT, the position of mail clerk (DOT 209.687-026) requires a "reasoning level" of 3. The cashier II position identified by the vocational expert also requires a reasoning level 3. (DOT 211.462-010). Positions with that reasoning level involve the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, Appendix C.

It is well-settled that the ALJ has a duty to inquire about "any possible conflict" between the vocational expert's testimony and the DOT. *See* SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). If there is such a conflict, the ALJ may accept the vocational expert's testimony only if there is "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).

Courts considering this question have generally concluded that a claimant limited to simple, repetitive tasks is precluded from performing work involving a reasoning level 3. *See Gonzales v. Colvin,* No. 1:10-cv-01330-SKO, 2013 U.S. Dist. LEXIS 34941, at *13 (E.D. Cal. Mar. 13, 2013)(collecting cases); *but see Signavong v. Astrue*, No. EDCV 10-917-MAN, 2011 U.S. Dist. LEXIS 123373 (C.D. Cal. Oct.

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

25, 2011)(holding that claimant limited to "simple" work was not precluded from jobs requiring level 3 reasoning).

At a minimum and without deciding whether a claimant limited to simple, routine tasks is *ipso facto* precluding from performing jobs requiring level 3 reasoning, this Court finds that this apparent conflict between the vocational expert's testimony and the DOT was not adequately addressed by the ALJ.

The Commissioner notes that the ALJ asked the vocational expert at the outset of her testimony whether her testimony would be consistent with the DOT, and she responded in the affirmative. (T at 64). Likewise, at the conclusion of the testimony, the ALJ asked the vocational expert whether her testimony had been consistent with the DOT. The vocational expert responded that it was, except insofar as it referenced absenteeism and "being off task," which are matters not addressed in the DOT. (T at 68). The vocational expert explained that this aspect of her testimony was based on her literature review, peer discussion, and experience. (T at 68).

The Court finds that the brief colloquies between the vocational expert and the ALJ were not sufficient to resolve the conflict noted above. In particular, there was no explanation by the vocational expert as to why she believed a claimant limited to simple, routine, repetitive tasks could perform the cashier II and mail clerk positions

when the DOT describes those positions as requiring reasoning level 3. *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1002-1004 (9th Cir. 2015).

The Commissioner also notes that Plaintiff's counsel could, and should, have addressed this issue at the administrative level, either by questioning the vocational expert during the hearing or raising the issue before the Appeals Council. This Court is frustrated by this all too frequent feature of Social Security appeals. It would seem a straightforward matter for claimant's counsel to query the vocational expert about the DOT job descriptions for the identified positions and cross-examine the expert regarding any apparent inconsistencies. With that said, the primary responsibility for addressing the issue falls on the Commissioner who could have addressed it at the administrative level and, in this particular case, because the ALJ did not adequately resolve the conflict, should have done so. Transferring exclusive blame to claimant's counsel is inappropriate in the circumstances. While claimant's counsel also could and should have raised the issue, it is not a basis for refusing to remand under these circumstances. This is not an adversary process.

## 2.    Assembler Position

The ALJ also limited Plaintiff to performing work-like "tasks within reasonable pace and persistence" and included this limitation in the hypothetical presented to the vocational expert. (T at 20, 66). As noted above, one of the

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

positions identified by the vocational expert was assembler. (DOT 729.687-010). Plaintiff notes that the ALJ did not define "reasonable pace and persistence," making it difficult to determine whether she could actually meet the demands of this position. Moreover, Plaintiff points to the *Occupational Outlook Handbook* ("OOH") which is administratively recognized by the Commissioner, 20 CFR § 404.1566 (d)(5), and the *Occupational Information Network* ("O*NET"), which provide further information about the assembler position and indicate that the position requires significant on-the-job or offsite training. The nature and extent of the required training/preparation for this position appears to conflict with the limitations identified by the ALJ. In sum, this information calls into question whether a claimant with Plaintiff's education, work history, and limitations as identified by the ALJ could actually perform the work. This will need to be revisited on remand as well.

**B.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they

can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, the ALJ found that Plaintiff could engage in occasional stooping. (T at 20). This conclusion was based on the assessment of Dr. Ruben Ustaris, a consultative examiner, who opined that Plaintiff could perform frequent stooping. (T at 349). Two non-examining State Agency review consultants opined that Plaintiff could engage in occasional stooping. (T at 80, 106). However, Dr. Ustaris's clinical findings noted flexion of 55 degrees. (T at 348). Plaintiff notes that normal range of

motion is flexion at 90 degrees and points out that Dr. Ustaris did not explain how a person with flexion as limited as Plaintiff's could frequently or occasionally stoop.

Notwithstanding the "common sense" appeal of Plaintiff's argument, this Court would, in the absence of additional evidence, feel constrained from second-guessing the Commissioner's reliance on opinions from a well-qualified consultative examiner and State Agency review physicians. However, additional evidence was, in fact, presented to the Appeals Council.

Plaintiff submitted a residual functional capacity questionnaire from Dr. Rolf D. Knapp, a treating physician, who opined that Plaintiff's back pain would limit her to standing/walking less than 2-hours and sitting for about 2 hours in an 8-hour workday. (T at 463). Dr. Knapp also reported that Plaintiff could bend or twist at the waist only 10% of the time during a normal workday. (T at 464).

The Appeals Council considered Dr. Knapp's report, but found that it did not provide a basis for remand because it was completed in May of 2015, after the date of the ALJ's decision (January 14, 2015). (T at 2).

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b). The Appeals Council "will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question presented in such cases is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

Here, this Court finds that Dr. Knapp's assessment does create a reasonable possibility that the ALJ would have made a different decision. When the ALJ made her decision, she noted that all of the physicians who rendered opinions were "generally consistent" in that they all concluded that Plaintiff could "perform a range of work at the medium exertional level …." (T at 23-24). Dr. Knapp's opinion, which would be presumptively entitled to greater weight as a treating physician opinion, undermines the "consistency" cited by the ALJ and provides reason for doubting the ALJ's assessment of Plaintiff's ability to perform stooping, along with other exertional and postural activities.

Moreover, the reason cited by the Appeals Council for rejecting Dr. Knapp's opinion (the fact that it was rendered a few months after the ALJ's decision) is not dispositive. Dr. Knapp himself opined that Plaintiff's limitations had persisted since January of 2007. (T at 465). Further, it is well-settled that medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007). Indeed, medical opinions "are inevitably rendered retrospectively," and thus "should not be disregarded solely on that basis." *Smith*, 849 F.2d at 1225; *see also Ruikka v. Colvin*,

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

No. CV-12-3112, 2014 U.S. Dist. LEXIS 22252, at *11-*12 (E.D. Wa. Feb. 20, 2014).

A remand is required for the above-stated reasons.

**C.  Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

In the present case, Plaintiff testified as follows: She was 52 years old as of the date of the hearing, weighed 190 pounds, and was 5' 5" tall. (T at 42). She is divorced. (T at 42). She lives in a condominium with her daughter and two roommates. (T at 43). She smokes occasionally. (T at 43). She was fired from her last job because back pain made it difficult to sit at her desk throughout the day. (T at 45). Seizure activity has required periodic hospitalization. (T at 49-50). She frequently loses her balance. (T at 51). Symptoms of depression are present. (T at 51). She has good days and bad from a psychological perspective. (T at 52). An average day consists of briefly taking her dog for a walk (lasting about two minutes), followed by sitting on the couch watching television. (T at 53). Driving a vehicle is contraindicated because of her seizures. (T at 53-54). Sitting causes pain that radiates from her back, hips, and down her legs. (T at 54). She is limited to sitting for 30 minutes at a time. (T at 54). On an average day, Plaintiff's pain causes her to spend 2 hours laying down. (T at 55). She does not have hobbies or use the Internet, does not shop or attend church functions, and only socializes with friends once a year. (T at 55). Her back pain is a 7 out of 10 without medication, 3 out of 10 with medication. (T at 57).

The ALJ found that Plaintiff's subjective complaints were not fully credible. (T at 21). This conclusion should be revisited on remand. First, the ALJ found

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

Plaintiff's testimony contradicted by the objective medical evidence. However, the record now includes an assessment from Dr. Knapp, Plaintiff's treating physician, which is generally consistent with the subjective complaints, particularly with regard to Plaintiff's inability to sit for prolonged periods. Second, the ALJ concluded that Plaintiff's activities of daily living "demonstrate the capacity for work." (T at 21-22). However, none of the activities cited by the ALJ (preparing meals, doing laundry, washing dishes, caring for pets) contradict Plaintiff's testimony that she cannot sit for more than 30 minutes a day or that she needs to lay down for 2 hours a day. Further, the activities referenced by the ALJ do not evidence an ability to sit for 6 hours in an 8-hour workday with regular breaks, which is what the ALJ assessed in the RFC determination.

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Plaintiff's credibility should be reconsidered on remand, particularly in light of Dr. Knapp's assessment.

DECISION AND ORDER – TOWEY v BERRYHILL 5:16-CV-1457-VEB

**D.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted.  As noted above, there are several outstanding issues – including consideration of Plaintiff's credibility, Dr. Knapp's opinion, and the apparent conflicts between the vocational expert's testimony and the DOT.  Nevertheless, the assessments of the consultative examiners and State Agency review physicians tend to support the ALJ's RFC determination (although not necessarily the step five analysis).  As such, because it is not clear from the record before this Court that Plaintiff is disabled, a remand for further proceedings is the appropriate remedy. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 15th day of November 2017,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE